KURT A. KAPPES – SBN 146384
kappesk@gtlaw.com
MICHAEL D. LANE – SBN 239517
lanemd@gtlaw.com
GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814-3938
Telephone: (916) 442-1111
Facsimile: (916) 448-1709

JORDAN D. GROTZINGER – SBN 190166
grotzingerj@gtlaw.com
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles CA 90067
Telephone: (310) 586-7700
Facsimile: (310) 586-7800

Attorneys for Plaintiff
ECI SOFTWARE SOLUTIONS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ECI SOFTWARE SOLUTIONS, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>v.<br><br>ERP SQL PRO INC., a California corporation; and DOES 1-10,<br><br>        Defendants. | **CASE NO.**<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1)  **Defend Trade Secrets Act;**<br><br>2)  **Tortious Interference with Contract;**<br><br>3)  **Tortious Interference with Prospective Economic Relationship;**<br><br>4)  **Unjust Enrichment/Restitution;**<br><br>5)  **Unfair Competition; and**<br><br>6)  **Conversion.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

Plaintiff ECI Software Solutions, Inc. ("ECI") files this Complaint against Defendant ERP SQL Pro Inc., and Does 1-10 ("Defendant"). This action is brought to remedy Defendant's unlawful conduct in misappropriating confidential and proprietary information related to ECI's industry leading software designed to support business management, technology solutions, and e-commerce to help customers grow and compete, in violation of agreements executed by certain Defendants and various provisions of federal and state laws.

## THE PARTIES

1.    Plaintiff ECI is a Delaware corporation with its principal place of business in Fort Worth, Texas.

2.    ECI is informed and believes that Defendant ERP SQL Pro is a California corporation with its principal place of business in Claremont, California.

3.    The true names and capacities of Defendants sued as DOES 1 through 10 are unknown to ECI. ECI is informed and believes and on that basis alleges that these persons are responsible for the harms alleged below. ECI will seek leave to amend this Complaint once their true names and capacities are ascertained.

4.    ECI is informed and believes and thereon alleges that each Defendant is now, and at all relevant times was, (i) joint-venturers with each of the other Defendants, (ii) conspiring with and/or working in concert with each of the other Defendants, or (iii) the agent, employee or servant of each of the other Defendants, and in doing the things alleged below, was acting within the course and scope of such concerted activity, employment, agency, servitude or related relationship.

5.    ECI is further informed and believes and on that basis alleges each of the Defendants aided and abetted each of the other Defendants in the commission of the acts alleged herein and/or ratified the acts of each of the other Defendants in the commission of the acts alleged herein.

/ / /

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because it arises under the laws of the United States (specifically, the Defend Trade Secrets Act, 18 U.S.C. § 1836) and supplemental jurisdiction over state law claims under 28 U.S.C. §1367(a).

7. Additionally, the Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because it is between citizens of different States and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

8. The Court has personal jurisdiction over ERP SQL Pro because it is a California resident.

9. Venue is proper in the Central District of California, Western Division, under 28 U.S.C. §§ 84(c)(2) and 1391(b)(1) because ERP SQL Pro is a resident of Claremont, California, in Los Angeles County.

## FACTUAL BACKGROUND

### ECI's Business

10. ECI is a leading provider of business management and e-commerce systems software, technology solutions, and other related services for a number of industries. ECI's software, solutions, and services help ECI's customers grow and compete in a competitive marketplace.

11. ECI's product portfolio includes, but is not limited to, licenses for the use of M1 software ("M1 Software"), which ECI acquired from Bowen & Groves Pty Ltd., an Australian company, in May 2009. ECI's M1 Software is an enterprise resource planning ("ERP") tool designed for manufacturers that ECI licenses to its customers to help them manage a wide array of critical business operations and activities in the manufacturing lifecycle, such as product planning, purchasing, inventory, shipping, receiving, payment, accounting, and finances.

///

12.    To address ECI's customers' individual requirements and processes, ECI's M1 product portfolio includes maintenance, customization, implementation, training, and other services that ECI offers to ECI's customers and licensees on a renewable term basis (the "M1 Software Services").

13.    ECI only authorizes its employees and specific, licensed third-party contractors to perform M1 Software Services for ECI's customers.

14.    The continued development and confidentiality of ECI's M1 Software Services is at least as important as the M1 Software for ECI to obtain an advantage over competing ERP providers and generate income.  In fact, ECI generates a significant portion of its income from the renewable-term M1 Software Services.

**Richard Sheridan's Employment with ECI; Execution of Non-Disclosure Agreement**

15.    Richard Sheridan ("Sheridan") was employed by ECI in various roles for approximately 12 years, from November 10, 2003 to January 15, 2016.

16.    In or around August 2011, Sheridan accepted the position as a U.S. Support Manager for ECI's M1 Software.

17.    As a condition of accepting this position with ECI, Sheridan executed an "Employee Non-Disclosure and Invention Assignment Agreement" (the "Sheridan NDA"), a true and correct copy of which is attached hereto as Exhibit "A".

18.    Section 2 of the Sheridan NDA addresses confidential information and provides, in relevant part, as follows:

> 2.1  Definition.  "Confidential Information" means any non-public information that relates to the actual or anticipated business, research, or development of [ECI] and any proprietary information, technical data, trade secrets, and know-how of [ECI], disclosed to [Sheridan], or given access to [Sheridan], by [ECI], directly or indirectly, in writing, orally, or by inspection or observation of tangible items.  Confidential Information

includes, but is not limited to, [ECI] research, product plans, product, services, customers, customer lists, markets, software, developments, inventions, processes, formulas, technology, designs, drawings, engineering, hardware configuration information, marketing, finances, and other business information. …

2.2 <u>Use and Non-Use</u>. [ECI] promises to provide [Sheridan] Confidential Information and access to Confidential Information during [Sheridan's] employment. At all times during the term of [Sheridan's] employment and after [Sheridan's] employment ends, [Sheridan] will hold all Confidential Information in strictest confidence and not use it for any purpose except for the benefit of [ECI] to fulfill [Sheridan's] employment obligations. [Sheridan] will not disclose Confidential Information to any third party without the prior written authorization of the Board of Directors of [ECI]. Confidential Information will remain the sole property of [ECI]. [Sheridan] will take all reasonable precautions to prevent any unauthorized disclosure of the Confidential Information.

19. Section 6 of the Sheridan NDA addresses Sheridan's obligations to return ECI's documents and information and provides, in relevant part, as follows:

**6. RETURNING COMPANY DOCUMENTS**
Upon leaving the employ of [ECI], [Sheridan] will deliver to [ECI] (and will not keep in my possession, recreate, or deliver to anyone else) any and all devices, records, data, notes, reports, proposals, lists, correspondence, specifications, drawings, blueprints, sketches, materials, equipment, other documents or property, or reproductions of these items developed by me pursuant to my employment with [ECI] or otherwise belonging to [ECI], its successors, or assigns. In addition, [Sheridan] will deliver those records maintained pursuant to Section 3.8 to [ECI].

20. Sheridan voluntarily terminated his employment relationship with ECI on or around January 15, 2016.

/ / /

## Sheridan's Consultancy Work for ECI; Execution of Independent Contractor and License, Maintenance and Support Agreements

21. On or about April 29, 2016, Sheridan executed an "Independent Contractor Service Agreement" ("ICA") with ECI, a true and correct copy of which is attached hereto as Exhibit "B".

22. In connection with the ICA, Sheridan executed an "ECI M1 License, Maintenance and Support Agreement" ("Agreement") with ECI, granting Sheridan a restricted license to use M1 Software solely for the purposes of providing consulting and implementation services to ECI's M1 Software licensees pursuant to the ICA. Specifically, the Agreement gave Sheridan:

> a nonexclusive, nontransferable, license [from May 16, 2016 until termination or expiration of the Agreement] to use the Software [(ECI M1 products specified on order forms prepared under the Agreement's terms)] solely for the purpose of providing consulting and implementation services to licensed users of the Software pursuant to the ICA.

23. Section 7 of the Agreement instructs Sheridan that he may neither use nor disclose ECI's "Confidential Information" unless any such use or disclosure is authorized by the Agreement. The Agreement defines "Confidential Information," in part, as follows:

> "Confidential Information" means th[e] Agreement, the Software, [materials, in written or other tangible form … provided by ECI M1 on or after [May 16, 2016] that describe the Software's functional or technical specifications, which may include user guides, installation instructions and operation guides], trade secrets embodied therein and any other written or electronic information that is either (i) marked as confidential and/or proprietary, or which is accompanied by written notice that such information is confidential and/or proprietary, or (ii) not marked or accompanied by notice that it is confidential and/or proprietary but which,

if disclosed to any third party could reasonably and foreseeably cause competitive harm to the owner of such information.

24. Section 15(c) of the Agreement addresses termination requirements and states that upon termination Sheridan must: (1) immediately cease using ECI's software products; (2) return all copies of M1 Software and Confidential Information to ECI; (3) certify to ECI that he has retained no copies, and (4) acknowledge that he may no longer use ECI's software.

25. The sections of the Agreement referenced in the paragraphs above and other relevant provisions of the Agreement survived the Agreement's termination or expiration pursuant to Section 15 thereof.

26. In addition to the confidentiality provisions in the Sheridan NDA and Agreement regarding ECI's confidential, proprietary, and trade secret information, Sheridan was and continues to be subject to the broad confidentiality provisions in the ICA. For example, Section 4.1 of the ICA provides, in part, as follows:

> [Sheridan] agrees during the Term of th[e] Agreement and thereafter that [he] will take all steps reasonably necessary to hold ECI's Confidential Information in trust and confidence, will not use Confidential Information in any manner or for any purpose not expressly set forth in th[e] Agreement, and will not disclose any such Confidential Information to any third party without first obtaining ECI's express written consent on a case-by-case basis.

27. Similar to the Agreement, Section 7.4 of the ICA provides that:

> Upon termination of the [ICA] or earlier as requested by ECI, [Sheridan] will deliver to ECI any and all drawings, notes, memoranda, specifications, devices, formulas, and documents, together with all copies thereof, and any other material containing or disclosing any ECI Work Product, Third Party Information or Confidential Information of ECI.

28. Sheridan terminated the ICA and Agreement on July 1, 2016, about two months after he executed the agreements. The sections of the ICA referenced above and other relevant sections thereof survived its termination under Section 7.4 of the ICA.

29. Under Section 15(c) of the Agreement, Sheridan signed a Certification on or about July 1, 2016 stating he was no longer using ECI-licensed software, had returned or destroyed all copies thereof and retained no copies, and acknowledged that he could no longer use software that ECI licensed to him under the Agreement. A true and correct copy of the Certification is attached hereto as Exhibit "C".

**Sheridan Forms ERP SQL Pro; Uses ECI's Confidential and Proprietary Information; Hires Former ECI Employee(s) to Work for ERP SQL Pro**

30. In or around January 2016, Sheridan registered a fictitious business name for ERP SQL Pro in Los Angeles County.

31. In or around December 2016, Sheridan registered ERP SQL Pro as a California corporation under the name "ERP SQL PRO INC." Sheridan is listed on the California Secretary of State's website as ERP SQL Pro's Chief Executive Officer and agent for service of process at the entity address, 1571 Newcomb Place in Claremont, California 91711.

32. ECI is informed and believes that since in or around July 2016, when Sheridan terminated the ICA and Agreement, ERP SQL Pro has been accessing and using the M1 Software while performing M1 Software Services for ECI customers without ECI's license or authorization to access or use the M1 Software in providing such consulting and/or implementation services.

33. With respect to services ERP SQL Pro offers, the company's website provides, in part, as follows:

(a) "DBA Monthly Services" are delivered twice each month and include "quick tune up" items (adding missing indexes and checking queries, disk latency, SQL memory and file sizes) and checking back up integrity, maintenance

plans and backups.

(b) "DBA One Time Services" consist of missing index analysis and addition, query and report analysis and optimization, creating a maintenance plan and backup strategy, and checking disk latency, SQL memory, file sizes, and client versus server speeds.

(c) ERP SQL Pro also provides "on site and remote ERP training, implementation, customization and data migration services."

(d) Of particular note, the "ERP Services" ERP SQL Pro performs include manual creation, process documentation, crystal report and SSRS report customization, _M1 screen customization_, _M1 code customization_, best practices consultation, bar code implementation and custom bar code creation, assistance with alerts and automation, _M1 AFR help_, _and M1 ABR help_.

34. ERP SQL Pro's website also contains purported "testimonials" from ECI's customers and licensees regarding maintenance, customization, implementation, training, and other services ERP SQL Pro and Sheridan provide concerning ECI's protected software products, including, but not limited to, the M1 Software. Examples of relevant portions of such testimonials include:

> ERPSQL Pro has been a tremendous help to us in customizing M1 to meet our company's needs. Rick Sheridan not only implements the customizations we request, but, many times offers suggestions that maximize the output of the customizations allowing us to save time and money. ERPSQL Pro has also been a valuable resource in demonstrating attributes of M1 that we may not have been using efficiently and in sharing other types of tools with us, such as custom reports.

> We have many M1 customizations done by a developer who no longer was able to service our company. Rick has tremendous knowledge of M1 and was able to understand, finish and create new reports and modify old ones.

ERP SQL Pro has been helping us modify our M1 program for approximately a year. Rick has been collaborative, responsive, and a true extension of our team for our M1 modifications.

In the past we have had times that we wondered why M1 couldn't do a task which seemed so easy and obvious to us. Since Rick at ERP SQR Pro was recommended to us we have learned that we can get much more out of our systems. Whether it's a custom report or just some advanced training Rick has helped us out every time.

Superior Thread Rolling has been able to improve our use of M1 greatly with the help of ERPSQL Pro. We had modules in M1 that we have not successfully used for year and with some minor programming and Crystal work with you we are getting information real time and using it daily. Your help in customizing our modules has been very valuable.

When joining TriTec Seal, in February 2016, I knew we … needed an M-1 expert that would "get in the weeds" with me to quickly assess/train/implement changes in all critical business areas[.] … Rick Sheridan … was just that expert. [¶] … I have worked quite extensively with Rick during 2016/2017[.] … Rick provides cost effective, knowledge based solutions for clients utilizing an M-1 business system.

Whilst I have over 17 years of solid M1 experience I had not seen a problem that so severely affected performance like this. I contacted Rick and I am so glad I did.

35. Providing maintenance, customization, implementation, training, and services to ECI's M1 customers, other software customers, and licensees of the M1 Software, necessarily requires ERP SQL Pro to access and use and/or disclose ECI's confidential and proprietary information.

36. ECI also is informed and believes that ERP SQL Pro has sought to employ, offered employment to, and/or is employing or has engaged as consultants

at least one former ECI employee, Tim Roach ("Roach"), and that Roach has agreed to help, did help, and/or is helping ERP SQL Pro commit the acts alleged in this Complaint.

**<u>Roach's Execution of Non-Disclosure Agreement; Employment</u>**

**<u>With ECI; and Subsequent Employment With ERP SQL Pro</u>**

37.     In or around January 2, 2013, ECI (then eCommerce Industries, Inc.) hired Roach as a software support specialist.

38.     As a condition of his employment with ECI, Roach executed an "Employee Non-Disclosure and Invention Assignment Agreement" (the "Roach NDA") on December 10, 2012, a true and correct copy of which is attached hereto as Exhibit "D".

39.     Section 2 of the Roach NDA addresses confidential information and provides, in relevant part, as follows:

> 2.1 <u>Definition</u>. "Confidential Information" means any non-public information that relates to the actual or anticipated business, research, or development of [ECI] and any proprietary information, technical data, trade secrets, and know-how of [ECI], disclosed to [Roach], or given access to [Roach], by [ECI], directly or indirectly, in writing, orally, or by inspection or observation of tangible items. Confidential Information includes, but is not limited to, [ECI] research, product plans, product, services, customers, customer lists, markets, software, developments, inventions, processes, formulas, technology, designs, drawings, engineering, hardware configuration information, marketing, finances, and other business information. …

> 2.2 <u>Use and Non-Use</u>. [ECI] promises to provide [Roach] Confidential Information and access to Confidential Information during [Roach's] employment. At all times during the term of [Roach's] employment and after [Roach's] employment ends, [Roach] will hold all Confidential Information in strictest confidence and

not use it for any purpose except for the benefit of [ECI] to fulfill [Roach's] employment obligations. [Roach] will not disclose Confidential Information to any third party without the prior written authorization of the Board of Directors of [ECI]. Confidential Information will remain the sole property of [ECI]. [Roach] will take all reasonable precautions to prevent any unauthorized disclosure of the Confidential Information.

40. Section 6 of the Roach NDA addresses Roach's obligations to return ECI's documents and information and provides, in relevant part, as follows:

**6. RETURNING COMPANY DOCUMENTS**

Upon leaving the employ of [ECI], [Roach] will deliver to [ECI] (and will not keep in my possession, recreate, or deliver to anyone else) any and all devices, records, data, notes, reports, proposals, lists, correspondence, specifications, drawings, blueprints, sketches, materials, equipment, other documents or property, or reproductions of these items developed by me pursuant to my employment with [ECI] or otherwise belonging to [ECI], its successors, or assigns. In addition, [Roach] will deliver those records maintained pursuant to Section 3.8 to [ECI].

41. Roach voluntarily terminated his employment relationship with ECI on or around March 17, 2017.

42. Shortly thereafter, Roach accepted either employment or a consultant position with ERP SQL Pro offered to him by Sheridan.

43. As alleged above on information and belief, Roach agreed to help, did help, and/or is helping ERP SQL Pro commit the wrongful acts set forth in the allegation of this Complaint, including but not limited to accessing and using and/or disclosing ECI's confidential and proprietary information, in violation of the Roach NDA and the federal and state laws in the causes of action below.

/ / /

/ / /

**Defendant's Knowledge of and Tortious Interference**

**With Agreements Between ECI and ECI's Customers and Licensees**

44.     On several occasions, including May 19, June 2, and June 15, 2017, ECI's counsel sent correspondence to ERP SQL Pro (the "Cease and Desist Letters"). The Cease and Desist Letters addressed, among other things, the contractual provisions described in the paragraphs above, as well as separate licenses and agreements between ECI and ECI's customers that restrict ECI's customers from allowing any third party to access or use the M1 Software for any reason, or to disclose ECI's confidential information to any third party.

45.     ECI's Cease and Desist Letters included ECI's demand that ERP SQL Pro provide a certification confirming, among other things, (i) that ERP SQL Pro will not access or use the M1 Software for any reason, (ii) that ERP SQL Pro will not use or obtain, directly or indirectly, ECI's Confidential Information, and (iii) that ERP SQL Pro will use or disclose ECI's Confidential Information to any third party.

46.     Counsel for ERP SQL Pro failed to produce the demanded certification and confirm that ERP SQL Pro would cease the wrongful activities alleged herein.

47.     ERP SQL Pro's unauthorized provision of M1 Software Services to ECI customers and licensees and access and use and/or disclosure of ECI's confidential and proprietary information has and is causing ECI to suffer hundreds of thousands of dollars in lost revenue per year.

**FIRST CAUSE OF ACTION**
**Misappropriation of Trade Secrets under the Defend Trade Secrets Act**
**(18 U.S.C. § 1836, *et seq.*)**

48.     ECI repeats, re-alleges and incorporates by reference the prior allegations of this Complaint as if fully set forth herein.

/ / /

49.     ECI owns and possesses confidential, proprietary, and trade secret information, including, but not limited to, software designs and methodologies and information related to ECI's customers, prospects, pricing products, margins, profit percentages, credit profiles, preferences, and markets ("Trade Secrets").

50.     ECI's Trade Secrets relate to products and services, including, but not limited to, ECI's M1 Software and Software Services, that ECI uses in, or intends to use in, interstate and foreign commerce.  For example, ECI maintains offices across the United States, Australia, United Kingdom, and the Netherlands, and provides ECI's M1 Software and Software Services to ECI's customers throughout these and many other locations around the globe.  Further, ECI is informed and believes, and based thereon alleges, that ERP SQL Pro's activities, as alleged herein, are directed to customers located outside the State of California.

51.     ECI has taken reasonable steps to keep its Trade Secrets confidential and secret, including, but not limited to, requiring its employees, contractors, and customers to enter into agreements that impose strong confidentiality obligations and limitations on use and disclosure of ECI's Trade Secrets.

52.     ECI's Trade Secrets derive independent economic value from not being known to or readily ascertainable, through proper means, by other persons who could obtain economic value from its disclosure or use.

53.     ECI is informed and believes, and based thereon alleges, that in violation of ECI's rights, ERP SQL Pro intentionally, fraudulently, maliciously, and oppressively misappropriated, used, and continue to use ECI's Trade Secrets in the ways described in this Complaint—including, but not limited to, ERP SQL Pro's provision to ECI's M1 Software customers and licensees of maintenance, customization, implementation, training, and other services for the M1 Software by the use or disclosure of ECI's Trade Secrets, and in other ways not yet known.

54.     ECI is informed and believes, and based thereon alleges, if ERP SQL Pro's conduct is not remedied, and if ERP SQL Pro is not enjoined, ERP SQL Pro

will continue to misappropriate, use, and disclose, for its benefit and to ECI's detriment, ECI's Trade Secrets.

55. As a direct and proximate result of ERP SQL Pro's actionable conduct ECI has suffered and will continue to suffer until ERP SQL Pro's conduct is enjoined irreparable injury and significant damages in an amount to be proven at trial.

56. Because ECI's remedy at law is inadequate, ECI seeks, in addition to damages, temporary, preliminary, and permanent injunctive relief to recover and protect its Trade Secrets and other legitimate business interests.

57. ERP SQL Pro's conduct as herein alleged caused and continues to cause damages to ECI, has threatened and continues to threaten ECI's relationships with customers, and negatively impacts ECI's business reputation, and thus its ability to maintain and grow its customer base in a competitive market. ECI will continue to suffer this and other irreparable harm until and unless the Court grants injunctive relief.

58. ECI is informed and believes, and based thereon alleges, that in doing the things herein alleged, ERP SQL Pro's activities constituted blatant, willful, and malicious misappropriation of ECI's Trade Secrets through the improper means, as evidenced, in part, by the content on ERP SQL Pro's website, including the client testimonials thereon.

59. ECI has been damaged by all of the foregoing and is entitled to its damages in an amount to be determined at trial, and an award of exemplary damages and attorney's fees.

## SECOND CAUSE OF ACTION
### Tortious Interference with Contract

60. ECI repeats, re-alleges and incorporates by reference the prior allegations of this Complaint as if fully set forth herein.

61. ECI alleges that ERP SQL Pro interfered with valid contracts

between ECI and its customers and licensees.

62.    ECI is informed and believes, and based thereon alleges, that ERP SQL Pro has interfered with ECI's valid agreements by, among other things, accessing copies of ECI's M1 Software licensed to ECI's customers.  Pursuant to agreements with ECI, ECI's customers are prohibited from allowing third parties to access software licensed to them by ECI.

63.    In interfering with valid agreements between ECI and its customers in the ways and manner alleged herein ERP SQL Pro has proximately and directly caused ECI to suffer significant damages that ECI may recover from ERP SQL Pro.

64.    ECI is informed and believes, and based thereon alleges, that ERP SQL Pro acted willfully, intentionally and with malice, oppression and/or fraud as defined in California Civil Code § 3294(c).  Thus, ERP SQL Pro is guilty of malice, oppression and/or fraud in conscious disregard of ECI's rights under the customers' agreements, warranting a punitive damages assessment in an amount appropriate to punish ERP SQL Pro and to deter other prospective violators from engaging in similar misconduct.

## THIRD CAUSE OF ACTION
### Tortious Interference with Prospective Economic Relationship

65.    ECI repeats, re-alleges and incorporates by reference the prior allegations of this Complaint as if fully set forth herein.

66.    ECI's business relationship with its customers is advantageous to ECI, and there exists a probability of future economic benefit to ECI from its business relationship with its customers through, among other things, the continued use and purchase of ECI's M1 Software Services.

67.    ECI is informed and believes and on that basis alleges ERP SQL Pro intentionally interfered with the business relationship between ECI and multiple ECI customers, including but not limited to those customers identified on ERP

SQL Pro's website, https://www.erpsqlpro.com/testimonials.html, as well as other customers whose identities are subject to confidentiality.

68. ECI is informed and believes, and based thereon alleges, that ERP SQL Pro's intentional conduct was intended to, and did, disrupt the economic relationships between ECI and at least one of its customers, which ceased to use and/or purchase one or more of ECI's M1 Software Services. As a direct and proximate result thereof, ECI has suffered damages in an amount to be determined at trial.

69. In doing the acts alleged herein ERP SQL Pro acted with fraud, malice, oppression, and in conscious disregard of ECI's rights. Thus, ECI is entitled to punitive damages in an amount to be determined according to proof at trial.

**FOURTH CAUSE OF ACTION**
**Unjust Enrichment/Restitution**

70. ECI repeats, re-alleges and incorporates by reference the prior allegations of this Complaint as if fully set forth herein.

71. ECI is informed and believes, and based thereon alleges, that ERP SQL Pro has been enriched in the form of highly valuable ECI Trade Secrets. ERP SQL Pro's enrichment as alleged herein occurred at the expense of ECI, which spent significant sums of money and resources developing, marketing, and selling software and technologies and compiling proprietary customer information.

72. ERP SQL Pro has therefore been unjustly enriched at ECI's expense, and ECI is entitled to restitution in an amount to be established at trial.

**FIFTH CAUSE OF ACTION**
**Violation of California's Unfair Competition Law**
**(California Business & Professions Code § 17200, *et seq*.)**

73. ECI repeats, re-alleges and incorporates by reference the prior

1  allegations of this Complaint as if fully set forth herein.

2  74.   ECI is informed and believes, and based thereon alleges, that ERP

3  SQL Pro, with knowledge that the acts complained of constitute unlawful, unfair

4  and/or fraudulent business practices and unfair competition prohibited under

5  California Business and Professions Code § 17200 *et seq.*, performed the acts

6  complained of, including conduct independent of the existence, knowledge,

7  misappropriation, and use of ECI's Trade Secrets.

8  75.   As a direct and proximate result of ERP SQL Pro's unfair

9  competition as herein alleged, ECI has and will suffer irreparable harm and injury

10  which cannot be compensated by damages (including, but not limited to, harm to

11  its business reputation, good will, and stature, within the business community and

12  with its customers) thereby justifying the award of injunctive relief.

13  76.   Until and unless injunctive relief is granted, ECI will continue to be

14  harmed and ERP SQL Pro will be unjustly enriched; and, thus, should be

15  disgorged pursuant to allowable remedies under the Business and Professions

16  Code.

17  **SIXTH CAUSE OF ACTION**

18  **Conversion**

19  77.   ECI repeats, re-alleges and incorporates by reference the prior

20  allegations of this Complaint as if fully set forth herein.

21  78.   ECI is informed and believes, and based thereon alleges, that based

22  on conduct independent of the existence, knowledge, misappropriation, and use of

23  ECI's Trade Secrets, ERP SQL Pro has removed and retained non-trade secret

24  proprietary and confidential information and/or other ECI property, without

25  authorization or in excess of authorization, for personal economic advantage.

26  79.   As a direct and proximate result of the removal and retention of non-

27  trade secret proprietary and confidential information and property as herein

28  alleged, ERP SQL Pro has caused ECI to suffer damages in an amount to be

18                                                          Case No.

proven at trial.

80. ECI is informed and believes, and based thereon alleges, that each act of conversion by ERP SQL Pro was willful and malicious, and done with the deliberate intent to injure ECI's business, thereby entitling ECI to exemplary damages and/or attorneys' fees in an amount to be proven at trial.

## **PRAYER**

WHEREFORE, ECI prays for judgment as follows:

1. For damages in an amount according to proof at trial;

2. For restitution and disgorgement of all money, profits, compensation or property that ERP SQL Pro acquired or will acquire by any wrongful or unlawful means alleged herein and the imposition of a constructive trust on all such money, profits, compensation, and/or property;

3. For an order requiring ERP SQL Pro to show cause, if any causes exist, why it should not be enjoined as stated below during the pendency of this case;

4. For an order granting a temporary and permanent injunction against ERP SQL Pro, enjoining the violation of legal and contractual duties owed to ECI, using ECI's trade secrets to solicit or accept business from ECI's customers, and requiring that ERP SQL Pro, and those acting in concert with it, as part of a writ of replevin, within 24 hours' notice to ERP SQL Pro or counsel of this order, to:

        a. Immediately cease disclosing ECI's Trade Secrets to third parties, using ECI's Trade Secrets in any way without authorization, and providing services to any ECI customers or licensees in violation of applicable laws and provisions of agreements to which any of Sheridan, Roach, and/or ERP SQL Pro or ECI's customers are or were a party with ECI;

COMPLAINT

b.  Return all copies of the M1 Software (and any other ECI software products), all documentation that describes functional or technical specifications of any ECI software, and any other electronically stored or paper-based data in ERP SQL Pro's possession, custody or control containing, reflecting or referring to ECI's Trade Secrets;

   c.  Execute a written certification, signed under penalty of perjury, stating that ERP SQL Pro has returned or permanently destroyed the information set forth in 4(b) immediately above; and

   d.  Preserve and upon Court order relinquish physical and electronic copies of data stored in email accounts used to communicate with ECI, ECI licensees and customers, or any other relevant parties; any and all ECI-provided electronic devices; and any and all other electronic devices used to communicate in any way with ECI, ECI licensees and customers, or any other relevant parties.

5.  For exemplary and punitive damages, in an amount to be determined at trial, as appropriate to punish ERP SQL Pro and deter like conduct;

6.  For pre-judgment and post-judgment interest, at the maximum legal rate, as an element of damages ECI has suffered as a result of the wrongful and illegal acts complained of; and

7.  For attorneys' fees, costs and other expenses incurred in this action, and for such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff ECI, under Rule 38(b) of the Federal Rules of Civil Procedure, demands trial by jury as to all legal matters contained in the Complaint.

/ / /

/ / /

/ / /

1   Dated: March 15, 2019                    GREENBERG TRAURIG, LLP

2

3                                    By: _/s/ Kurt A. Kappes_____
                                         Kurt A. Kappes
4                                        Michael D. Lane
                                         GREENBERG TRAURIG, LLP
5                                        1201 K Street, Suite 1100
                                         Sacramento, CA 95814
6                                        Telephone: (916) 442-1111
                                         Facsimile: (916) 448-1709
7
                                         Jordan D. Grotzinger
8                                        GREENBERG TRAURIG, LLP
                                         1840 Century Park East, Suite 1900
9                                        Los Angeles CA 90067
                                         Telephone: (310) 586-7700
10                                       Facsimile: (310) 586-7800

11                                       Attorneys for Plaintiff
                                         ECI Software Solutions, Inc.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.
                                COMPLAINT