Jason D. Annigian, Esq. (State Bar No. 208876)
THE ANNIGIAN FIRM, APC
114 N. Indian Hill Blvd., Suite E
Claremont, California 91711
Tel:   (909) 981-0475
Fax:   (909) 981-0113
E-mail: jason@annigian-law.com

Attorneys for Defendant,
ERP SQL PRO INC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ECI SOFTWARE SOLUTIONS, INC., a Delaware corporation,<br><br>                Plaintiff,<br><br>  vs.<br><br>ERP SQL PRO INC., a California corporation; and DOES 1-10,<br><br>                Defendants. | Case No.: 2:19-cv-01966-JAK-AGR<br><br>Hon. John A. Kronstadt<br>Courtroom 10B<br><br>DEFENDANT ERP SQL PRO INC.'S ANSWER TO COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

DEFENDANT ERP SQL PRO INC.'S ANSWER TO COMPLAINT

Defendant ERP SQL PRO INC. ("ERP") answers Plaintiff ECI SOFTWARE SOLUTIONS, INC.'s ("Plaintiff") Complaint as follows:

<u>INTRODUCTION ALLEGATIONS</u>

1. Answering the "Introduction" of the Complaint, ERP denies the allegations contained therein.

<u>THE PARTIES</u>

2. Answering Paragraph 1 of the Complaint, ERP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies each and every allegation contained therein.

3. Answering Paragraph 2 of the Complaint, ERP admits it is a California corporation with its principal place of business in Claremont, California.

4. Answering Paragraph 3 of the Complaint, ERP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies each and every allegation contained therein.

5. Answering Paragraph 4 of the Complaint, ERP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies each and every allegation contained therein.

6. Answering Paragraph 5 of the Complaint, ERP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies each and every allegation contained therein.

<u>JURISDICTION AND VENUE</u>

7. Answering Paragraph 6 of the Complaint, ERP admits that Plaintiff purports to assert claims under the Defend Trade Secrets Act, 18 U.S.C. § 1836 and that Plaintiff contends this Court has jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction over state law claims under 28 U.S.C. §1367(a).

8. Answering Paragraph 7 of the Complaint, ERP admits that Plaintiff contends this Court has jurisdiction under 28 U.S.C. § 1332, but is without knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff contends give rise to this Court

having such jurisidiction.

9. Answering Paragraph 8 of the Complaint, ERP does not contest that the Court has personal jurisdiction over ERP in this case.

10. Answering Paragraph 9 of the Complaint, ERP does not contest that venue is proper in this District and that ERP is a resident of Claremont, California, in Los Angeles County.

## FACTUAL BACKGROUND

### ECI's Business

11. Answering Paragraph 10 of the Complaint, ERP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies each and every allegation contained therein.

12. Answering Paragraph 11 of the Complaint, ERP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies each and every allegation contained therein.

13. Answering Paragraph 12 of the Complaint, ERP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies each and every allegation contained therein.

14. Answering Paragraph 13 of the Complaint, ERP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies each and every allegation contained therein.

15. Answering Paragraph 14 of the Complaint, ERP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies each and every allegation contained therein.

### Richard Sheridan's Employment with ECI; Execution of Non-Disclosure Agreement

16. Answering Paragraph 15 of the Complaint, ERP admits the allegations contained therein.

17. Answering Paragraph 16 of the Complaint, ERP admits the allegations contained therein.

18. Answering Paragraph 17 of the Complaint, ERP admits that Sheridan executed an "Employee Non-Disclosure and Invention Assignment Agreement." ERP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies each and every remaining allegation contained therein.

19. Answering Paragraph 18 of the Complaint, ERP admits that the NDA contains Section 2, which speaks for itself. ERP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies each and every remaining allegation contained therein.

20. Answering Paragraph 19 of the Complaint, ERP admits that the NDA contains Section 6, which speaks for itself. ERP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies each and every remaining allegation contained therein.

21. Answering Paragraph 20 of the Complaint, ERP admits the allegations contained therein.

<u>Sheridan's Consultancy Work for ECI; Execution of Independent Contractor and License, Maintenance and Support Agreements</u>

22. Answering Paragraph 21 of the Complaint, ERP admits that Sheridan executed an "Independent Contractor Service Agreement." ERP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies each and every remaining allegation contained therein.

23. Answering Paragraph 22 of the Complaint, ERP admits that Sheridan executed an "ECI M1 License, Maintenance and Support Agreement" and that the Agreement speaks for itself. ERP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies each and every remaining allegation contained therein.

24. Answering Paragraph 23 of the Complaint, ERP admits that the Agreement contains Section 7, which speaks for itself. ERP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis,

-3-
DEFENDANT ERP SQL PRO INC.'S ANSWER TO COMPLAINT

denies each and every remaining allegation contained therein.

25. Answering Paragraph 24 of the Complaint, ERP admits that the Agreement contains Section 15(c), which speaks for itself.  ERP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies each and every remaining allegation contained therein.

26. Answering Paragraph 25 of the Complaint, ERP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies each and every allegation contained therein.

27. Answering Paragraph 26 of the Complaint, ERP admits that the ICA contains Section 4.1, which speaks for itself.  ERP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies each and every remaining allegation contained therein.

28. Answering Paragraph 27 of the Complaint, ERP admits that the ICA contains Section 7.4, which speaks for itself.  ERP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies each and every remaining allegation contained therein.

29. Answering Paragraph 28 of the Complaint, ERP admits that Sheridan terminated the ICA and Agreement on July 1, 2016.  ERP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies each and every remaining allegation contained therein.

30. Answering Paragraph 29 of the Complaint, ERP admits that Sheridan signed a Certification on or about July 1, 2016.  ERP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies each and every remaining allegation contained therein.

<u>Sheridan Forms ERP SQL Pro; Uses ECI's Confidential and Proprietary Information; Hires Former ECI Employee(s) to Work for ERP SQL Pro</u>

31. Answering Paragraph 30 of the Complaint, ERP admits the allegations contained therein.

32. Answering Paragraph 31 of the Complaint, ERP admits the allegations contained therein.

33. Answering Paragraph 32 of the Complaint, ERP denies the allegations contained therein.

34. Answering Paragraph 33 of the Complaint, ERP admits that it maintains a website, which speaks for itself. ERP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies each and every remaining allegation contained therein.

35. Answering Paragraph 34 of the Complaint, ERP admits that it maintains a website, which speaks for itself. ERP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies each and every remaining allegation contained therein.

36. Answering Paragraph 35 of the Complaint, ERP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies each and every allegation contained therein.

37. Answering Paragraph 36 of the Complaint, ERP admits that Tim Roach works with ERP. ERP denies each and every remaining allegation contained therein.

<u>Roach's Execution of Non-Disclosure Agreement; Employment With ECI; and Subsequent Employment With ERP SQL Pro</u>

38. Answering Paragraph 37 of the Complaint, ERP admits that at some point in time Plaintiff hired Roach. ERP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies each and every remaining allegation contained therein.

39. Answering Paragraph 38 of the Complaint, ERP admits that Roach executed an "Employee Non-Disclosure and Invention Assignment Agreement." ERP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies each and every remaining allegation contained therein.

40. Answering Paragraph 39 of the Complaint, ERP admits that the Roach NDA

attached to the Complaint contains Section 2, which speaks for itself. ERP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies each and every remaining allegation contained therein.

41. Answering Paragraph 40 of the Complaint, ERP admits that the Roach NDA attached to the Complaint contains Section 6, which speaks for itself. ERP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies each and every remaining allegation contained therein.

42. Answering Paragraph 41 of the Complaint, ERP admits the allegations contained therein.

43. Answering Paragraph 42 of the Complaint, ERP admits that Tim Roach works with ERP. ERP denies each and every remaining allegation contained therein.

44. Answering Paragraph 43 of the Complaint, ERP denies the allegations contained therein.

<u>Defendant's Knowledge of and Tortious Interference</u>

<u>With Agreements Between ECI and ECI's Customers and Licensees</u>

45. Answering Paragraph 44 of the Complaint, ERP admits that ECI's counsel sent correspondence to ERP SQL Pro, which speak for themselves. ERP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies each and every remaining allegation contained therein.

46. Answering Paragraph 45 of the Complaint, ERP admits that ECI's counsel sent correspondence to ERP SQL Pro, which speak for themselves. ERP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies each and every remaining allegation contained therein.

47. Answering Paragraph 46 of the Complaint, ERP admits that its counsel did not produce the certification demanded by Plaintiff. ERP denies each and every remaining allegation contained therein.

48. Answering Paragraph 47 of the Complaint, ERP denies the allegations contained therein.

FIRST CAUSE OF ACTION

49. Answering Paragraph 48 of the Complaint, ERP incorporates by reference paragraphs 1-48 of this Answer.

50. Answering Paragraph 49 of the Complaint, ERP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies each and every allegation contained therein.

51. Answering Paragraph 50 of the Complaint, ERP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 50 and, on that basis, denies each and every allegation contained therein. ERP is unable to respond to the third sentence of Paragraph 50 of the Complaint because the terms "activities, as alleged herein" and "customers" are vague and ambiguous to the extent they render the allegations unintelligible.

52. Answering Paragraph 51 of the Complaint, ERP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies each and every allegation contained therein.

53. Answering Paragraph 52 of the Complaint, ERP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies each and every allegation contained therein.

54. ERP is unable to respond to Paragraph 53 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 53 of the Complaint, ERP denies the allegations contained therein.

55. ERP is unable to respond to Paragraph 54 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 54 of the Complaint, ERP denies the allegations contained therein.

56. ERP is unable to respond to Paragraph 55 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 55 of the Complaint, ERP denies the allegations contained therein.

57. ERP is unable to respond to Paragraph 56 of the Complaint to the extent it calls

for a legal conclusion.  Answering Paragraph 56 of the Complaint, ERP admits that Plaintiff is seeking injunctive relief, but otherwise ERP denies each and every allegation contained therein, including without limitation that any remedy at law is inadequate.

58. ERP is unable to respond to Paragraph 57 of the Complaint to the extent it calls for a legal conclusion.  Answering Paragraph 57 of the Complaint, ERP denies the allegations contained therein.

59. ERP is unable to respond to Paragraph 58 of the Complaint to the extent it calls for a legal conclusion.  Answering Paragraph 58 of the Complaint, ERP denies the allegations contained therein.

60. ERP is unable to respond to Paragraph 59 of the Complaint to the extent it calls for a legal conclusion.  Answering Paragraph 59 of the Complaint, ERP denies the allegations contained therein.

## SECOND CAUSE OF ACTION

61. Answering Paragraph 60 of the Complaint, ERP incorporates by reference paragraphs 1-60 of this Answer.

62. ERP is unable to respond to Paragraph 61 of the Complaint to the extent it calls for a legal conclusion.  Answering Paragraph 61 of the Complaint, ERP denies the allegations contained therein.

63. ERP is unable to respond to Paragraph 62 of the Complaint to the extent it calls for a legal conclusion.  Answering Paragraph 62 of the Complaint, ERP denies the allegations contained therein.

64. ERP is unable to respond to Paragraph 63 of the Complaint to the extent it calls for a legal conclusion.  Answering Paragraph 63 of the Complaint, ERP denies the allegations contained therein.

65. ERP is unable to respond to Paragraph 64 of the Complaint to the extent it calls for a legal conclusion.  Answering Paragraph 64 of the Complaint, ERP denies the allegations contained therein.

## THIRD CAUSE OF ACTION

66.  Answering Paragraph 65 of the Complaint, ERP incorporates by reference paragraphs 1-65 of this Answer.

67.  ERP is unable to respond to Paragraph 66 of the Complaint to the extent it calls for a legal conclusion.  Answering Paragraph 66 of the Complaint, ERP is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies each and every allegation contained therein.

68.  ERP is unable to respond to Paragraph 67 of the Complaint to the extent it calls for a legal conclusion.  Answering Paragraph 67 of the Complaint, ERP denies the allegations contained therein.

69.  ERP is unable to respond to Paragraph 68 of the Complaint to the extent it calls for a legal conclusion.  Answering Paragraph 68 of the Complaint, ERP denies the allegations contained therein.

70.  ERP is unable to respond to Paragraph 69 of the Complaint to the extent it calls for a legal conclusion.  Answering Paragraph 69 of the Complaint, ERP denies the allegations contained therein.

FOURTH CAUSE OF ACTION

71.  Answering Paragraph 70 of the Complaint, ERP incorporates by reference paragraphs 1-70 of this Answer.

72.  ERP is unable to respond to Paragraph 71 of the Complaint to the extent it calls for a legal conclusion.  Answering Paragraph 71 of the Complaint, ERP denies the allegations contained therein.

73.  ERP is unable to respond to Paragraph 72 of the Complaint to the extent it calls for a legal conclusion.  Answering Paragraph 72 of the Complaint, ERP denies the allegations contained therein.

FIFTH CAUSE OF ACTION

74.  Answering Paragraph 73 of the Complaint, ERP incorporates by reference paragraphs 1-73 of this Answer.

75.  ERP is unable to respond to Paragraph 74 of the Complaint to the extent it calls

for a legal conclusion. Answering Paragraph 74 of the Complaint, ERP denies the allegations contained therein.

76. ERP is unable to respond to Paragraph 75 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 75 of the Complaint, ERP denies the allegations contained therein.

77. ERP is unable to respond to Paragraph 76 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 76 of the Complaint, ERP denies the allegations contained therein.

## SIXTH CAUSE OF ACTION

78. Answering Paragraph 77 of the Complaint, ERP incorporates by reference paragraphs 1-77 of this Answer.

79. ERP is unable to respond to Paragraph 78 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 78 of the Complaint, ERP denies the allegations contained therein.

80. ERP is unable to respond to Paragraph 79 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 79 of the Complaint, ERP denies the allegations contained therein.

81. ERP is unable to respond to Paragraph 80 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 80 of the Complaint, ERP denies the allegations contained therein.

## FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

82. As and for a separate, distinct and First Affirmative Defense, ERP is informed and believes, and on that basis states and alleges, that the Complaint fails to state a claim or cause of action upon which relief may be granted against ERP.

## SECOND AFFIRMATIVE DEFENSE
**(Absence of Action or Omission)**

83. As and for a separate, distinct and Second Affirmative Defense, ERP states and

denies, on information and belief, that any action or omission on ERP's part, or on the part of any persons or entities for whose acts or omissions ERP may be legally responsible, actually or proximately caused or contributed in any manner or in any degree to the loss or damage for which recovery is sought by Plaintiff.

## THIRD AFFIRMATIVE DEFENSE
### (Superseding/Intervening Cause)

84. As and for a separate, distinct and Third Affirmative Defense, ERP is informed and believes, and on that basis states and alleges, the harm Plaintiff allegedly suffered, if any, was caused by superseding and/or intervening, factors, events, persons, or entities other than ERP and because no act or omission of ERP was the proximate cause of any injury or damages.

## FOURTH AFFIRMATIVE DEFENSE
### (Acts of Plaintiff)

85. As and for a separate, distinct and Fourth Affirmative Defense, ERP is informed and believes, and on that basis states and alleges, the harm Plaintiff allegedly suffered, if any, was caused by the fraudulent, intentional, wrongful, and/or negligent conduct of Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

86. As and for a separate, distinct and Fifth Affirmative Defense, ERP is informed and believes, and on that basis states and alleges, that Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE
### (Estoppel)

87. As and for a separate, distinct and Sixth Affirmative Defense, ERP is informed and believes, and on that basis states and alleges, that Plaintiff, by reason of its independent actions or omissions to act, is estopped from seeking and obtaining recovery of damages from ERP on each and every cause of action in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

**(Waiver)**

88. As and for a separate, distinct and Seventh Affirmative Defense, ERP is informed and believes, and on that basis states and alleges, that Plaintiff, by reason of its independent actions or omissions to act, has waived its right, if any, to pursue the causes of action alleged against ERP in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

**(Consent)**

89. As and for a separate, distinct and Eighth Affirmative Defense, ERP is informed and believes, and on that basis states and alleges, that Plaintiff's claims are barred in whole or in part because it consented to the conduct.

## NINETH AFFIRMATIVE DEFENSE

**(Ratification)**

90. As and for a separate, distinct and Ninth Affirmative Defense, ERP is informed and believes, and on that basis states and alleges, that Plaintiff's claims, in whole or in part, are barred by the doctrine of ratification.

## TENTH AFFIRMATIVE DEFENSE

**(Justification)**

91. As and for a separate, distinct and Tenth Affirmative Defense, ERP is informed and believes, and on that basis states and alleges, that Plaintiff's causes of action are barred because ERP's actions were justified.

## ELEVENTH AFFIRMATIVE DEFENSE

**(Fair Competition)**

92. As and for a separate, distinct and Eleventh Affirmative Defense, ERP is informed and believes, and on that basis states and alleges, that Plaintiff's causes of action are barred because ERP was engaged in fair competition.

## TWELFTH AFFIRMATIVE DEFENSE

### (Privilege)

93. As and for a separate, distinct and Twelfth Affirmative Defense, ERP is informed and believes, and on that basis states and alleges, that Plaintiff's causes of action are barred because ERP's actions were privileged.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Excuse)

94. As and for a separate, distinct and Thirteenth Affirmative Defense, ERP is informed and believes, and on that basis states and alleges, any duty of performance by ERP in connection with the cause of action is excused by reason of a failure of consideration, prior breach, breach of condition precedent, prevention by Plaintiff, frustration of purpose, waiver by Plaintiff, and/or acceptance by Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Damages)

95. As and for a separate, distinct and Fourteenth Affirmative Defense, ERP is informed and believes, and on that basis states and alleges, that Plaintiff has not incurred any compensatory, general, or special damages as a result of the allegations in the Complaint, and, to the extent any exist, said damages were not the result of or caused by any wrongful acts, omissions, or conduct of ERP. Plaintiff, therefore, is barred from recovering any compensatory, general, consequential, or special damages from ERP.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

96. As and for a separate, distinct and Fifteenth Affirmative Defense, ERP is informed and believes, and on that basis states and alleges, that should any loss, damage, or detriment have occurred as alleged in the Complaint, Plaintiff's damages should be reduced, in whole or in part, as a result of its failure to mitigate damages.

-13-
DEFENDANT ERP SQL PRO INC.'S ANSWER TO COMPLAINT

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Setoff)

97.     As and for a separate, distinct and Sixteenth Affirmative Defense, ERP is informed and believes, and on that basis states and alleges, that should any loss, damage, or detriment have occurred as alleged in the Complaint, Plaintiff's damages should be reduced, in whole or in part, by all payments, tenders, and setoffs, and/or value of products and/or services provided to Plaintiff by ERP and/or third parties.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

98.     As and for a separate, distinct and Seventeenth Affirmative Defense, ERP is informed and believes, and on that basis states and alleges, that should any loss, damage, or detriment have occurred as alleged in the Complaint, Plaintiff's damages should be reduced, in whole or in part, by the doctrine of accord and satisfaction.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

99.     As and for a separate, distinct and Eighteenth Affirmative Defense, ERP is informed and believes, and on that basis states and alleges, that Plaintiff's claims for damages are barred, in whole or in part, by the doctrine of unjust enrichment because Plaintiff received and/or accepted benefits that exceed any damages that can be proven by Plaintiff in this case.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

100.    As and for a separate, distinct and Nineteenth Affirmative Defense, ERP is informed and believes, and on that basis states and alleges, that Plaintiff is barred from recovering exemplary or punitive damages because the Complaint, and each purported cause of action asserted therein, fails to allege facts sufficient to allow an award of punitive or exemplary damages from ERP.  Among other things, the Complaint fails to allege facts sufficient to state a claim or cause of action for which punitive damages are allowed.  Moreover, an award of punitive damages requires clear and convincing evidence of fraud, oppression, or malice, which showing

cannot be made by Plaintiff, and therefore, no basis for an award of punitive damages exists. Further, Plaintiff is barred from recovering exemplary or punitive damages because the imposition of such damages violates due process under the United States Constitution.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Attorneys' Fees)

101.    As and for a separate, distinct and Twentieth Affirmative Defense, ERP is informed and believes, and on that basis states and alleges, that any conduct alleged by Plaintiff does not justify the recovery any attorneys' fees from ERP.

ERP reserves the right to assert additional affirmative defenses if discovery or ERP's investigation reveals grounds for the assertion of the additional defenses, including without limitation affirmative defenses that are referenced in Rule 8(c) of the Federal Rules of Civil Procedure or are otherwise available under applicable law.

## ERP'S PRAYER FOR RELIEF

Wherefore, Defendant ERP SQL PRO INC. prays for judgment against Plaintiff ECI SOFTWARE SOLUTIONS, INC. as follows:

1.    That Plaintiff take nothing by way of the Complaint, and that Plaintiff's Complaint be dismissed;

2.    That ERP be awarded costs and attorneys' fees; and

3.    For such other and further relief as the Court deems just and proper.

THE ANNIGIAN FIRM, APC

Dated:  April 22, 2019            By: _____
                                      Jason D. Annigian
                                      Attorneys for Defendant,
                                      ERP SQL PRO INC.

**DEMAND FOR JURY TRIAL**

Defendant ERP SQL PRO INC. hereby demands a trial by jury.

THE ANNIGIAN FIRM, APC

Dated: April 22, 2019   By: _____
Jason D. Annigian
Attorneys for Defendant,
ERP SQL PRO INC.