KURT A. KAPPES – SBN 146384
kappesk@gtlaw.com
MICHAEL D. LANE – SBN 239517
lanemd@gtlaw.com
GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814-3938
Telephone: (916) 442-1111
Facsimile: (916) 448-1709

JORDAN D. GROTZINGER – SBN 190166
grotzingerj@gtlaw.com
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles CA 90067
Telephone: (310) 586-7700
Facsimile: (310) 586-7800

Attorneys for Plaintiff
ECI SOFTWARE SOLUTIONS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ECI SOFTWARE SOLUTIONS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ERP SQL PRO INC., a California corporation; and DOES 1-10,<br><br>Defendants. | **CASE NO. LA CV19-01966 JAK (AGRx)**<br><br>**JOINT REPORT** |

TO THE HONORABLE JOHN A. KRONSTADT:

Plaintiff ECI Software Solutions, Inc., ("Plaintiff" or "ECI") and Defendant ERP SQL Pro Inc. ("ERP SQL"), hereby file this Joint Status Report and Rule 26(f) Report under Federal Rule of Civil Procedure ("FRCP") 26(f) and the Order Setting Rule 16(b) 26(f) Scheduling Conference ("Order") this Court issued on April 26, 2019. Pursuant to the Order, the parties met and conferred on June 17, 2019 through June 20, 2019, regarding the subjects identified in the Order. During these meet and confer efforts, the Parties agreed to submit this matter to a AAA arbitration currently pending in Texas. On June 25, 2019, the Parties filed a stipulated request to stay this Action pending completion of the Texas arbitration. (*See* ECF No. 17.) Notwithstanding this stipulated request, in order to comply with the Court's Order instructing the parties to file a Rule 26(f) report no later than July 27, 2019, (*see* ECF No. 16), the Parties hereby report as follows:

### A. STATEMENT OF THE CASE:

#### 1. Plaintiff's Statement:

ECI is a leading provider of business management and e-commerce systems software, technology solutions, and other related services for a number of different industries. ECI's product portfolio includes licensing the use of its "M1 Software," an enterprise resource planning ("ERP") tool designed for manufacturers that ECI licenses to customers to help them manage a wide array of critical business operations and activities. ECI's product portfolio also includes maintenance, customization, implementation, training, and other services that ECI offers to its customers and licensees on a renewable term basis (the "M1 Software Services"). ECI only authorizes employees and licensed third-party contractors to perform M1 Software Services and the continued development and confidentiality of M1 Software Services is important for ECI to obtain a competitive advantage over ERP providers and generate income. ECI generates a significant portion of its income from the renewable-term M1 Software Services. Defendants Sheridan and Roach were employees and/or independent contractors with

ECI, and through those relationships (and only after they executed agreements that contained strong protections for ECI's confidential, proprietary, and/or trade secret information, including ECI's M1 Software) acquired access to ECI's confidential, proprietary, and/or trade secret information. Sheridan formed Defendant ERP SQL Pro Inc. ("ERP SQL"), left ECI, and has been accessing and using the M1 Software while performing M1 Software Services for ECI customers without ECI's license or authorization to access or use the M1 Software to provide such services. Sheridan has also offered to employ current and former ECI employees. Defendant Roach accepted Sheridan's offer, left ECI, joined ERP SQL, and has been helping ERP SQL and/or Sheridan do the things ECI's complaint alleges, including accessing and using and/or disclosing ECI's confidential and proprietary information. The foregoing acts, and others alleged in ECI's complaint, are in violation of Sheridan and Roach's agreements with ECI and give rise to the following causes of action: (1) federal Defend Trade Secrets Act; (2) tortious interference with contract; (3) tortious interference with prospective economic relationship; (4) California's Unfair Competition Law; (5) unjust enrichment/restitution; and (6) conversion.

2. <u>Defendant's Statement</u>:

ERP contends that ECI cannot prove one or more of the elements of its claims and/or its claims are subject to dismissal either by a motion for judgment on the pleadings or a motion for summary judgment. The thrust of ECI's claims is that ERP interfered with ERP's relationship with ERP's licensees by providing outside consulting services to customize/optimize the licensed software. ECI encouraged its customers to work with ERP to customize/optimize the software, and even referred business to ERP when it was in its infancy. As such, ERP presently intends to move for summary judgment on its affirmative defense of consent and waiver. Further, ERP actions in assisting licensees is permitted by the defenses of fair competition, privilege and justification. As such, ERP presently intends to move for summary judgment on one or more of those defenses.

B.   **SUBJECT MATTER JURISDICTION:**

This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because it arises under the Defend Trade Secrets Act, 18 U.S.C. § 1836, and has supplemental jurisdiction over state law claims under 28 U.S.C. §1367(a).

Additionally, the Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because it is between citizens of different States and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

C.   **LEGAL ISSUES:**

1.   Plaintiff's Statement:

a.   Defend Trade Secrets Act:  Whether the conduct alleged in the Complaint, specifically pertaining to Defendants' alleged misappropriation, use and continued use of ECI's Trade Secrets (in particular, ECI's M1 Software) to provide allegedly unauthorized M1 Software Services for ECI's customers and licenses is a violation of the Defend Trade Secrets Act (18 U.S.C. § 1836, et seq.).

b.   Tortious Interference With Contract:  Whether the conduct alleged constitutes tortious interference with ECI's agreements with its customers and licensees—and specifically whether ECI had valid agreements with its customers toward which Defendants committed intentional acts designed to induce a breach or disruption of those contractual relationships.

c.   Tortious Interference With Prospective Economic Relationship: Whether the conduct alleged constitutes tortious interference with ECI's prospective economic relationships—and specifically whether ECI identified a viable future economic relationship and independently tortious conduct.

d.   Unjust Enrichment/Restitution:  Whether ECI is entitled to damages in the form of unjust enrichment/restitution under the Defend Trade Secrets Act.

e.   California's Unfair Competition Law:  Whether ECI has standing to bring a California UCL claim in this Court and can establish an unlawful, unfair, or fraudulent business act or practice, even though ECI contends that Texas choice

4   Case No. LA CV19-01966 JAK (AGRx)
JOINT REPORT

of law provisions support its selection of the Northern District of Texas as the proper forum.

   f. <u>Conversion</u>: Whether Defendants have converted property belonging to ECI.

  2. <u>Defendant's Statement</u>:

On or about March 11, 2019, ECI initiated an arbitration with the American Arbitration Association in Texas against ERP asserting the same claims alleged in this case (AAA Case Number 01-19-0000-7890). On March 26, 2019, ERP answered the demand for arbitration. As such, this case (filed March 15, 2019) should be stayed or dismissed because an identical action is pending in another forum against ERP.

 **D.** **PARTIES AND NON-PARTY WITNESSES:**

  1. <u>Plaintiff's Statement</u>:

   a. ECI Software Solutions, Inc.

   b. Adam Forde

   c. Darrin Smith

   d. ERP SQL Pro, Inc.

   e. Erik Forkrud

   f. Richard Sheridan

   g. Timothy Roach

  2. <u>Defendant's Statement</u>:

ERP's party witnesses include Rick Sheridan and Timothy Roach. Non-party witnesses include employees of ECI and third-party licensees of the M1 software to be more specifically identified after written discovery.

 **E.** **DAMAGES:**

ECI seeks over $1 million in damages, including but not limited to restitution and disgorgement of all money, profits, compensation, or property that ERP SQL Pro, Inc. acquired or will acquire by wrongful or unlawful means; exemplary and punitive damages; attorneys' fees and costs; and pre-judgment and post-judgment interest.

F.  **INSURANCE:**

There is no insurance to cover Plaintiff's claims.

G.  **MOTIONS:**

1. Plaintiff's Statement:

The Parties have agreed to submit this matter to arbitration and requested a stay of this Action until the completion of the Texas arbitration. Therefore, Plaintiff does not anticipate that extensive motion practice will occur before this Court.

2. Defendant's Statement:

ERP intends to file a motion to stay the proceedings in this Court pending the Texas arbitration if the Court does not stay the action based on the Parties' stipulation.

H.  **MANUAL FOR COMPLEX LITIGATION:**

Not applicable.

I.  **STATUS OF DISCOVERY:**

1. Plaintiff's Statement:

The Parties have agreed to submit this matter to arbitration, and Plaintiff does not anticipate propounding any discovery in the Action at this time.

2. Defendant's Statement:

Defendant has not initiated discovery pending the Court's decision on the Parties' stipulation for stay.

J.  **DISCOVERY PLAN:**

1. Plaintiff's Statement:

The Parties have agreed to submit this matter to arbitration, and Plaintiff does not anticipate propounding any discovery in the Action at this time.

2. Defendant's Statement:

If this matter is not stayed, ERP intends to conduct discovery on the elements of the claims that ECI has alleged as well as the damages that ECI claims to have suffered. ERP will be serving requests for production of documents to ECI that seeks, among other things, information about third-party witnesses who are licensees of M1 software (which

JOINT REPORT

ECI describes as its "customers"), documents proving any damages ECI claims to have suffered, documents reflecting income generated from the M1 software, communications with ERP and its representatives, documents supporting ECI's claims, and documents about other third-party contractors who have acted in a similar capacity to ERP. In addition, ERP will be serving interrogatories to ECI seeking, among other things, the names of its customers referenced in the Complaint, the names of third-party contractors who have serviced M1 software licensed by ECI, the facts supporting the allegations in the Complaint.

ERP anticipates that discovery will require the depositions of 5-10 representatives of ECI and 5-10 non-party witnesses who are licensees of the M1 software. Written discovery, in particular document requests, will inform which of the ECI representatives and third-party licensee witnesses will most likely have relevant information to support ERP's defenses.

While many depositions will likely be short, the deponents reside in many different states, including: Texas, California, Illinois, Wisconsin, Florida, Arizona, Australia, Michigan, Minnesota, Missouri. Because there are a number of party and third-party witnesses, ERP requests that the limitation of 10 depositions per side (FRCP 30(a)(2)(A)(i)) be increased to 20 depositions per side with the additional 10 depositions being limited to no more than 3 hours each. In addition, ERP requests that the Court order that all of the depositions of witnesses may be taken by telephone or other remote means per FRCP 30(b)(4) if any party so desires. ERP does not request any modifications to the limitations on written discovery at this time. ERP will seek entry of a stipulated protective order with an attorney's eyes only provision for information related to ERP's customers.

ERP anticipates completing written discovery and depositions in accordance with the proposed deadlines attached hereto.

///
///

**K.  DISCOVERY CUT-OFF:**

    1.  Plaintiff's Proposal:

The Parties have agreed to submit this matter to arbitration, and Plaintiff does not anticipate propounding any discovery in the Action at this time.

    2.  Defendant's Statement:

See Exhibit A.

**L.  EXPERT DISCOVERY:**

    1.  Plaintiff's Statement:

The Parties have agreed to submit this matter to arbitration, and Plaintiff does not anticipate propounding any discovery in the Action at this time.

    2.  Defendant's Statement:

See Exhibit A.

**M.  DISPOSITIVE MOTIONS:**

    1.  Plaintiff's Statement:

The Parties have agreed to submit this matter to arbitration, and Plaintiff does not anticipate that extensive motion practice will occur before this Court.  However, after completion of the Texas arbitration, Plaintiff anticipates that the Parties will bring a motion to enter judgment on the arbitrator's decision.

    2.  Defendant's Statement:

If the case is not stayed, ERP intends to file a motion for judgment of the pleadings and/or motion for summary judgment relating to ECI's claims for unjust enrichment, violation of Cal. Bus. & Prof. Code §17200, conversion.  In addition, ERP intends to file a summary judgment motion on the affirmative defenses of consent, waiver, privilege, fair competition and justification.  Discovery may reveal additional grounds to file a summary judgment motion as to ECI's other claims.

///

///

///

**N. SETTLEMENT:**

The parties engaged in settlement discussions in May 2017 and the beginning of 2018, but the parties were unable to reach an agreement. There are no current, pending settlement discussions at this time.

**O. TRIAL ESTIMATE:**

    1. Plaintiff's Statement:

The Parties have agreed to submit this matter to arbitration, and, at this time, Plaintiff does not anticipate that a trial before this Court will occur.

    2. Defendant's Statement:

ERP estimates that a jury trial of the claims and defenses will take 5 court days.

**P. TRIAL COUNSEL:**

    1. Plaintiff's Statement:

The Parties have agreed to submit this matter to arbitration, and, at this time, Plaintiff does not anticipate that a trial before this Court will occur.

    2. Defendant's Statement:

Co-lead counsel for ERP: Jason D. Annigian and James T. Ryan

**Q. INDEPENDENT EXPERT OR MASTER:**

    Not applicable

**R. TIMETABLE:**

The Parties have requested that the Court set a status conference in late February 2020 to report on the status of the Texas Arbitration.

**S. OTHER ISSUES:**

    1. Plaintiff's Statement:

None at this time.

    2. Defendant's Statement:

If the Court does not stay the action based on the stipulation of the Parties, ERP intends to file a motion to stay the proceedings in this Court pending the Texas arbitration.

**T.   PATENT CASES:**

Not applicable

**U.   WHETHER THE PARTIES WISH TO HAVE A MAGISTRATE JUDGE PRESIDE:**

The parties do not consent to Magistrate Judge presiding over the entire action.

GREENBERG TRAURIG, LLP

Date: June 27, 2019

By: */s/ Kurt A. Kappes*
Kurt A. Kappes
Michael D. Lane
GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814
Telephone: (916) 442-1111
Facsimile: (916) 448-1709

Jordan D. Grotzinger
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles CA 90067
Telephone: (310) 586-7700
Facsimile: (310) 586-7800

Attorneys for Plaintiff
ECI Software Solutions, Inc.

Dated: June 27, 2019       THE ANNIGIAN FIRM, APC

By: */s/ Jason Annigian*
Jason D. Annigian
THE ANNIGIAN FIRM, APC
114 N. Indian Hill Blvd., Ste. E
Claremont, CA 91711
Telephone: (909) 981-0475
Facsimile: (909) 981-0113

## ATTESTATION OF E-FILED SIGNATURE

I, Kurt A. Kappes, am the ECF user whose ID and password are being used to file this Joint Report. In compliance with Local Rule L.R. 5-4.3.4 (a)(2)(i), I hereby attest that Jason D. Annigian, counsel for ERP SQL Pro Inc. has concurred in this filing.

Date: June 27, 2019        By: */s/Kurt A. Kappes*
                                               **Kurt A. Kappes**

# EXHIBIT A – SCHEDULE OF PRETRIAL AND TRIAL DATES FOR CIVIL CASES

| Case No. | LA CV19-01966 JAK (AGRx) |
|---|---|
| Case Name: | ECI Software Solutions, Inc. v. ERP SQL PRO Inc. |

| **Deadlines:** | **Plaintiff's Request** | **Defendant's Request** | **Court Order** |
|---|---|---|---|
| Last Date to Add Parties/Amend Pleadings | July 19, 2019 | July 19, 2019 | |
| Non-Expert Discovery Cut-Off | November 8, 2019 | Dec. 13, 2019 | |
| Expert Disclosure (Initial) | November 22, 2019 | Dec. 23, 2019 | |
| Expert Disclosure (Rebuttal) | December 6, 2019 | January 10, 2020 | |
| Expert Discovery Cut-Off | December 20, 2019 | January 31, 2020 | |
| Last Date to File All Motions | February 7, 2020 | February 7, 2020 | |
| **Settlement Procedure Section** | **Plaintiff's Request** | **Defendant's Request** | **Court Order** |
| 1. Magistrate Judge  2. Attorney Settlement Officer  3. Outside ADR/Non-Judicial | 1 or 3 | 1 or 3 | |
| Last day to conduct settlement or mediation | April 10, 2020 | April 10, 2020 | |
| Notice of settlement/Joint report re: settlement | April 17, 2020 | April 17, 2020 | |
| Post Mediation Status Conference | April 27, 2020 | April 27, 2020 | |
| **Pretrial and Jury Trial Dates** | **Plaintiff's Request** | **Defendant's Request** | **Court Order** |
| Last day to file all pretrial documents and motions in limine | May 1, 2020 | May 1, 2020 | |
| Last day to file response to motions in limine | May 8, 2020 | May 8, 2020 | |
| Final Pretrial Conference | May 15, 2020 | May 15, 2020 | |
| Jury Trial  Est. 7-10 days | June 2, 2020 | June 2, 2020 | |